UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEISHA ANN JACQUET | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2349 |
| DORRANCE PUBLISHING COMPANY, ET AL. | * | SECTION "E" (2) |

## SHOW CAUSE ORDER AND REASONS

Plaintiff Keisha Ann Jacquet filed a Complaint and *Ex Parte* Motion for Leave to Proceed *In Forma Pauperis*. ECF Nos. 1, 2. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(B)(1).

Plaintiff's *in forma pauperis* application (ECF No. 2) includes sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. The alleged *Bivens* action, however, is frivolous on its face. And while Plaintiff appears to seek to recover unpaid royalties, she fails to allege any facts to establish a factual basis to support a claim for same.

**I.     Background**

Plaintiff has filed suit against Dorrance Publishing Company and Xlbris Publishing Company invoking federal question jurisdiction by alleging a *Bivens* claim. ECF No. 1 ¶¶ I(B), II at 2-3. Plaintiff, however, fails to identify any constitutional right that she claims is being violated by federal officials. *See id.* ¶ II(C & D) at 3-4. Instead, Plaintiff claims that Defendants failed to pay royalties on August 3, 2002, March 15, 2015, and May 7, 2023. *Id.* ¶ III(B & C) at 4. Plaintiff does not, however, identify any intellectual property, licensing agreement or other basis giving rise to a royalty obligation nor does Plaintiff identify any royalty terms.

II.     *In Forma Pauperis* **Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs."[2] Courts assess plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on her financial resources, including whether expenses are discretionary or mandatory.[5] While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for herself and/or dependents.[6] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[7]

After reviewing Plaintiff's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis* in the instant proceeding under the provisions of § 1915(a), and her Complaint will be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] *Id.*
[4] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. May 17, 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (S.D. Miss. Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[7] *Prows*, 842 F.2d at 140; 28 U.S.C. § 1915(a).

to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court may in its discretion impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases.[8]

### III.  Statutorily Mandated Review

The Court is required by 28 U.S.C. § 1915(e) to review complaints filed by plaintiff *in forma pauperis* because there exists no absolute right to proceed *in forma pauperis* in federal civil matters.[9] Rather, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[10] And while pro se complaints are held to "less stringent standards" than attorney-drafted filings,[11] *pro se* status does not constitute an impenetrable shield as even pro se litigants have no license to harass others, clog the judicial machinery with meritless litigation and abuse an already overloaded court system.[12]

Under § 1915(e)(2)(B), the Court must summarily dismiss *in forma pauperis* complaints if the court determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[13] A claim is frivolous when it lacks an arguable basis in law or in fact.[14] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the

---

[8] *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).
[9] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002))); *Newsome*, 301 F.3d at 231 (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[10] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).
[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[12] *Ferguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[13] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018); *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[14] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

complaint alleges the violation of a legal interest which clearly does not exist."[15] A court may not dismiss a claim simply because the facts are "unlikely."[16] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[17] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[18]

## IV. Analysis

Plaintiff's *in forma pauperis* application (ECF No. 2) includes sufficient information to establish that she is unable to pay fees in this matter, thereby entitling her to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Summons will not be issued at this time, however, pending completion of this Court's statutorily-mandated frivolous review.

### A. Plaintiff's *Bivens* Claim is Frivolous

Under the broadest reading to be afforded *pro se* complaints,[19] Plaintiff's *Bivens* action is frivolous. An action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*[20] remedies constitutional violations by federal government officials in their individual capacities.[21] To state a *Bivens* claim, a plaintiff must plead a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[22] "[P]rivate actors [are] not subject to liability

---

[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted).
[16] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[17] *Id.*
[18] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[19] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"(quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976))).
[20] 403 U.S. 388 (1971).
[21] *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).
[22] *See* 403 U.S. at 397.

under *Bivens* for conduct that typically falls within the scope of traditional state tort law."[23]

"The Supreme Court has authorized an implied damages remedy against federal officers for constitutional violations (*Bivens* actions) only three times."[24]  *Bivens* does not extend to "new contexts"—that is, those that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."[25]  Indeed, the Court has "consistently refused to extend *Bivens* [liability] to any new context or new category of defendants . . . for the past 30 years."[26]

Plaintiff's complaint fails to state a *Bivens* claim as she names private entities rather than federal officials and fails to allege violation of any constitutional right for which a *Bivens* remedy has been recognized.

### B. Plaintiff's Demand for Royalties

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[27]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation,"[28] and naked assertions devoid of

---

[23] *Vela v. Presley*, No. 22-40484, 2023 WL 3255010, at *1 (5th Cir. May 4, 2023) (per curiam) (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001); *Eltayib v. Cornell Cos.*, 533 F. App'x 414, 414-15 (5th Cir. 2013)); *see also Goodloe v. United States*, No. 22-5, 2023 WL 4712204, at *5 (N.D. Tex. June 21, 2023) (Ramirez, M.J.) (citing *Lampley v. Doe*, No. 21-261, 2021 WL 3396777, at *2 (E.D. Tex. June 3, 2021), *R.&R. adopted*, 2021 WL 3367677 (E.D. Tex. Aug. 2, 2021) (citing *Malesko*, 534 U.S. at 72-73)), *R.&R. adopted*, 2023 WL 4707997 (N.D. Tex. July 24, 2023).
[24] *Springer v. United States*, No. 21-11248, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022) (citing *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for failure to provide adequate medical assistance); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender discrimination); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Fourth Amendment claim for unreasonable search and seizure)).
[25] *Id.* (brackets in original) (quoting *Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1864 (2017))).
[26] *Abbasi*, 137 S. Ct. at 1857 (quoting *Malesko*, 534 U.S. at 68).
[27] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Housing Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700625 (E.D. La. Feb. 29, 2012).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief. Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[29]

In this case, Plaintiff appears to seek recovery of royalties. At no point, however, does Plaintiff set forth any factual basis to support a claim for royalties, as required by Rule 8.

### C. Availability of Amendment

Although frivolous claims may be dismissed with prejudice,[30] before doing so, the Court should allow the *pro se* plaintiff the opportunity to state his best case. As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[31]

Thus, the court should generally allow plaintiff an opportunity to amend before dismissing an action for failure to state a claim.[32] Indeed, unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[33] When, however,

---

[29] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice").
[30] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).
[31] *Neitzke*, 490 U.S. at 329-30.
[32] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").
[33] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted))).

the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[34]

## V. Conclusion

Plaintiff has sufficiently established her inability to pay fees under 28 U.S.C. § 1915(a)(1)(2). On its face, however, Plaintiff's Complaint appears to be subject to summary dismissal under § 1915(e)(2). Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, January 7, 2026**, Plaintiff Keisha Ann Jacquet **show cause** why her *Bivens* claim should not be summarily dismissed as frivolous and her royalty claim dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** of her position, setting forth the specific facts supporting her cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

---

[34] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

IT IS FURTHER ORDERED that there will be no oral hearing, and the matter will be deemed under advisement on the briefs on Wednesday, January 7, 2026.

New Orleans, Louisiana, this __25th__ day of November, 2025.

*[Signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE