**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEISHA ANN JACQUET,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-2349** |
| **DORRANCE PUBLISHING CO., ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court are objections[1] filed by Plaintiff Keisha Ann Jacquet ("Plaintiff") to Magistrate Judge Currault's Report and Recommendation regarding dismissal of her claims under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted and for being frivolous.[2] After considering the complaint, the record, the applicable law, Magistrate Judge Currault's Report and Recommendation, Plaintiff's objections, and having conducted a *de novo* review of those portions of the Report and Recommendations to which objections are made as required by 28 U.S.C. § 636(b)(1), the Court overrules Plaintiff's objections and approves the Report and Recommendation and adopts it as its opinion in this matter.

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge.[3] A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous.[4] However, where a party makes "specific, written objections," the district court must undertake *de novo* review

---

[1] R. Docs. 7-8.
[2] R. Doc. 6.
[3] 28 U.S.C. § 636(b)(1)(A).
[4] 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

of those contested aspects of the report.[5] The district judge may then "accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."[6]

## BACKGROUND

On November 19, 2025, Plaintiff filed this action against Dorrance Publishing Company and Xlibris Publishing Company (collectively "Defendants").[7] Plaintiff alleges Defendants failed to pay her the royalties she is owed for two books she published.[8] Plaintiff asserts a *Bivens* claim against Defendants, invoking federal question jurisdiction, and a breach of contract claim under Louisiana law against Defendants seeking recovery of royalties owed to her.[9] On November 25, 2025, Magistrate Judge Currault ordered Plaintiff to show cause as to why her *Bivens* claim should not be dismissed for being frivolous and why her breach of contract claim should not be dismissed for failure to state a claim upon which relief can be granted.[10] On December 3, 2025, Plaintiff filed a response to this order, claiming that Defendant Xlibris Publishing Company's owner told her the company would give her $1,000,000 for her book rights[11]—Plaintiff provided no additional factual allegations.

On March 9, 2026, Magistrate Judge Currault issued a Report and Recommendation recommending that this Court dismiss Plaintiff's *Bivens* claim with prejudice for being frivolous.[12] In addition, Judge Currault recommended that this Court

---

[5] *Id.*
[6] FED. R. CIV. P. 72(b)(3).
[7] R. Doc. 1.
[8] *Id.* at pp. 4-5.
[9] *Id.* at pp. 3-5. Magistrate Judge Currault construed Plaintiff's demand for royalties as a breach of contract claim under Louisiana law—this Court does, as well. R. Doc. 6 at p. 7.
[10] R. Doc. 3. at p. 7.
[11] R. Doc. 5 at p. 2.
[12] R. Doc. 6 at p. 9.

dismiss Plaintiff's breach of contract claim without prejudice for failure to state a claim upon which relief may be granted, but with leave for Plaintiff to file an amended complaint setting forth the necessary facts to state a plausible claim for relief within thirty days of dismissal.[13] On March 16, 2026, Plaintiff filed an Objection to Judge Currault's Report and Recommendation, arguing that Defendants owed her $1,000,000 in royalties for her books.[14] On March 19, 2026, Plaintiff filed a Supplemental Objection to Judge Currault's Report and Recommendation.[15] This Supplemental Objection consists of a copy of a self-publishing agreement that Plaintiff allegedly entered into with Defendant Xlibris Publishing Company.[16]

While Plaintiff did not file a formal amended complaint, it is clear Plaintiff attempted to rectify the deficiencies in her breach of contract claim by producing the agreement under which she seeks payment.[17] Accordingly, this Court construes Plaintiff's Supplemental Objection as an amended complaint adding allegations that she had a contract with Xlibris Publishing Company.

## LAW AND ANALYSIS

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. As Magistrate Judge Currault correctly notes, "[a] claim is 'frivolous where it lacks an arguable basis either in law or in fact.'"[18] In addition, a complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter,

---

[13] *Id.*
[14] R. Doc. 7.
[15] R. Doc. 8.
[16] R. Doc. 8-1.
[17] *Id.*
[18] R. Doc. 6 at p.2. (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

accepted as true, to state a claim to relief that is plausible on its face."[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]

## I.    Plaintiff's *Bivens* claim will be dismissed as frivolous.

The Court agrees with Magistrate Judge Currault's recommendation to dismiss plaintiff's *Bivens* claim against Defendants as frivolous and without leave to amend. An action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* addresses constitutional violations by federal government officials in their individual capacities.[21] "[P]rivate actors [are] not subject to liability under *Bivens* for conduct that typically falls within the scope of traditional state tort law."[22] In this case, Plaintiff brings *Bivens* claims against private actors—two publishing companies.[23] Plaintiff filed no objection to the Magistrate Judge's findings regarding the *Bivens* claim.[24] The Court finds the Magistrate Judge's ruling is not clearly erroneous and the Court will dismiss Plaintiff's *Bivens* claim against private actors as frivolous.

## II.    Plaintiff's objections to dismissal of her breach of contract claim are overruled.

Magistrate Judge Currault recommends dismissal of Plaintiff's demand for royalties, but with leave for Plaintiff to file an amended complaint.[25] In Louisiana, a failure to pay book royalites is governed by contract law.[26] Plaintiff's objections to Judge

---

[19] *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

[20] *Ashcroft* v. Iqbal, 556 U.S. 662, 678 (2009).

[21] *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

[22] *Vela v. Presley*, No. 22-40484, 2023 WL 3255010, at *1 (5th Cir. 2023) (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012)).

[23] R. Doc. 1 at p. 2.

[24] *See* R. Docs. 7-8.

[25] R. Doc. 6 at p. 9.

[26] *See Fonseca v. Pelican Publ'g. Co.*, 921 So. 2d 1126, 1128 (La. App. 1 Cir. 2006).

Currault's Report and Recommendation fail to demonstrate that she has a plausible claim for breach of contract. La. Civ. Code Ann. art. 1994 states that "[a]n obligor is liable for the damages caused by his failure to perform an obligation." In order to prevail on a breach of contract claim, the plaintiff must first demonstrate that that the obligor undertook an obligation to perform.[27]

In her Supplemental Objection, Plaintiff provided her self-publishing agreement, presumably in an effort to demonstrate that she had a valid contract with Defendant Xlibris Publishing Company.[28] However, the provision of Plaintiff's self-publishing agreement fails to demonstrate that Plaintiff has a plausible breach of contract claim. Section 3.1(c) of the self-publishing agreement states that, before the publisher is obligated to perform any services, the person using the publisher's services must pay in full all amounts due to the publisher.[29] Plaintiff does not allege, even after multiple chances to provide additional allegations, that she complied with this contractual requirement by paying all amounts due to the publisher.[30] As a result, Plaintiff has failed to show that Defendants were obligated to perform under the agreement, and Plaintiff has failed to state a plausible breach of contract claim. Accordingly, the Court will dismiss this claim.

The Court will not allow further amendment by Plaintiff. Plaintiff filed what the Court construes as an amended complaint, providing the self-publishing agreement, but making no allegation that she had paid all amounts due to the publisher. The Court finds

---

[27] *Walker v. Pelican Publ'g. Co.*, No. 10-4389, 2011 WL 2976271 at *6 (E.D. La. July 22, 2011) (citing *Garco, Inc. v. Rob's Cleaning & Powerwash, Inc.*, 12 So. 3d 386, 391 (La. App. 4 Cir. 2009)).
[28] R. Doc. 8.
[29] R. Doc. 8-1 at p.2.
[30] R. Docs 5, 7.

that allowing any further amendment would be futile.[31]

To the extent there are findings by Magistrate Judge Currault that Plaintiff did not object to, this Court finds they are not clearly erroneous.

### **CONCLUSION**

After conducting a *de novo* review of the issues raised by Plaintiff's objections to Magistrate Judge Currault's Report and Recommendations, the Court overrules those objections and adopts Magistrate Judge Currault's Report and Recommendations.[32]

**IT IS ORDERED** that all claims asserted by Plaintiff be and hereby are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 24th day of April, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015)("[w]hen it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate.").
[32] R. Doc. 6.